JOHN T. TODD, THIRD *vs.* COMMISSIONER OF CORRECTION & others.[1] No. 88-P-1005. September 21, 1989. *Imprisonment,* Enforcement of discipline, Transfer of prisoner.

The plaintiff, currently a State prisoner lawfully incarcerated within the custody of the Department of Correction, sought an order to enjoin the defendants (all correction officials) from maintaining him in segregated status, and from transferring him to the Federal Bureau of Prisons, and to require the defendants to release him to the general prison population. In the exercise of his discretion, a Superior Court judge granted partial preliminary injunctive relief by entering an order requiring the defendants only to "reconvene" a departmental review board "to make findings . . . whether [the] plaintiff remains 'a substantial threat', and if so, set conditions to be fulfilled prior to his release from DSU [departmental segregation unit]." On this cross-appeal from the order granting injunctive relief, the plaintiff seeks the broader relief requested below, and the defendants seek the reversal of the judge's ruling that the departmental review board (board) may not set a projected release date from the DSU of longer than the ninety-day review period.[2]

In seeking injunctive relief, the plaintiff, appearing pro se, alleged that the Commissioner of Correction violated 103 Code Mass. Regs. §§ 421.00 et seq. (1986), and St. 1962, c. 753, § 2, the New England interstate corrections compact (Compact), by placing him in the DSU at M.C.I., Cedar Junction. His principal arguments are: (1) that neither the board nor the Commissioner set conditions which, if satisfied, would lead to his return to the general prison population; and (2) that the board's ninety-day reviews were a mere formality as he had already been given a five-year placement in the DSU. In conjunction with the latter contention, he agrees with the trial judge's determination that in order for the board to provide a DSU resident with "an opportunity for a fair and meaningful review in accordance with the intent and purpose of the regulations, the board must not set a DSU release date beyond the ninety-day review date." It is this ruling of the judge that the defendants challenge on appeal.

1. The Superior Court judge did not abuse his discretion or otherwise err in refusing to address the plaintiff's claim of alleged violations of his

---

[1] Various other correction officials.

[2] The board had recommended a five year placement in the DSU.

rights under the Compact. The plaintiff alleged that while incarcerated in New Hampshire,[3] the defendants violated the Compact by not providing him with the disciplinary hearings to which he was entitled prior to his being sent back to Massachusetts. As this claim stems from the plaintiff's treatment while incarcerated in the New Hampshire State prison, and as the plaintiff currently is incarcerated in Massachusetts, we think the judge properly could conclude that his claims for relief for an alleged violation of his rights while incarcerated in New Hampshire should be resolved upon final disposition of the underlying merits, rather than as a matter of preliminary injunctive relief.

2. The judge did not err in declining to order the plaintiff to be released into the general prison population. The judge within his discretion certainly could conclude that preliminary relief was not warranted. As the plaintiff had been involved in two serious incidents in two separate prisons,[4] the judge reasonably could conclude that to order the plaintiff released to the general prison population might lead to a breach of the security of the institution and could result in a situation dangerous to both staff and other inmates.

3. The judge, however, did err in determining that the board may not set a DSU release date beyond the ninety-day review period. We perceive nothing in 103 Code Mass. Regs. § 421.08 (1986) which requires the board, or the Commissioner, to set a projected release date for a DSU resident at ninety days (or less) from the date of placement. Indeed, the construction urged by the plaintiff runs counter to G. L. c. 127, § 39, as appearing in St. 1957, c. 777, § 16, which authorizes the Commissioner to transfer "any inmate whose continued retention in the general institution population is detrimental to the program of the institution" to a segregated unit "*for such period as he may determine*" (emphasis added). The proposed construction makes little sense in cases where, for example, as here, an inmate has been found guilty of serious disciplinary infractions involving violent or disruptive conduct.[5]

The fact that the board may set a projected release date`beyond ninety days does not render the ninety-day review an empty exercise. The review enables the board to track the progress of an inmate in the DSU and to determine whether the inmate continues to pose a substantial threat to the safety of others or to the orderly operation of the institution.[6] See 103 Code Mass. Regs. § 421.07(1) (1986). Notwithstanding those instances when an

---

[3] After holding a woman hostage for ten hours the plaintiff had been transferred from M.C.I., Norfolk, to New Hampshire pursuant to the Compact.

[4] Following the incident mentioned in note 3, *supra,* the plaintiff also held a woman hostage at the New Hampshire State prison.

[5] See note 4, *supra.*

[6] It does not appear in the record, nor does plaintiff complain, that the defendants have failed to provide ninety-day reviews.

inmate's projected release date from the DSU is set beyond ninety days from the date of placement, the review board, pursuant to 103 Code Mass. Regs. § 421.08(3) (1986), may "at any time after the initial ninety day review" recommend to the Commissioner that the inmate be released immediately from the DSU if it determines that the inmate no longer requires confinement therein.

The case is remanded to the Superior Court for modification of the order for injunctive relief in conformity with this opinion.

*So ordered.*

*John T. Todd, III,* pro se.
*Donald J. Bongiovi* for the Commissioner of Correction & others.